UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIRKO DJURDJEVICH, *individually and on behalf of others similarly situated, and the Class,*

*Plaintiff,*

vs.

FLAT RATE MOVERS, LTD., SAM GHOLAM, ISRAEL CARMEL and JOHN DOES 1-10,

*Defendants.*

---

**Docket No.  17-cv-00261**
**ECF Case**

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

LAW OFFICE OF MATTHEW C. HEERDE
222 Broadway, 19th Fl
New York, New York 10038
Tel: 347-460-3588
Fax: 347-535-3588
Email: mheerde@heerdelaw.com
*Attorneys for Plaintiff Mirko Djurdjevich, individually and on behalf of others similarly situated, and the Class*

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

PROCEDURAL HISTORY ....................................................................................................2

THE PARTIES ........................................................................................................................3

FACTUAL BACKGROUND ..................................................................................................4

ARGUMENT...........................................................................................................................6

      I.     Court-Authorized Notice is Fair, Practicable, Necessary, and Advances the
FLSA's Goals.........................................................................................................6

      II.    Expeditious Notice is Necessary to Protect the Rights of the Plaintiffs.......................7

      III.   Equitable Tolling of the Statute of Limitations is Necessary to Protect the
Plaintiffs.................................................................................................................8

      IV.   Plaintiff Exceeds the Low Burden for Conditional Certification...............................10

      V.    The Named Plaintiff, and Prospective Collective Action Members are
Similarly Situated with Respect to their Claims. .........................................................14

      VI.   The Named Plaintiff, and Prospective Collective Action Members are
Similarly Situated with Respect to their Job Duties...................................................14

      VII.  The Court Should Approve Plaintiff's Proposed Notice. ..........................................15

CONCLUSION.......................................................................................................................16

# TABLE OF AUTHORITIES

## Cases

*ABC Carpet & Home*
  236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) .............................................................. 12

*Anglada v. Linens 'N Things, Inc.*
  2007 WL 1552511, at *8 (S.D.N.Y. May 29, 2007) .......................................... 12

*Braunstein v. E. Photo. Labs., Inc.*
  600 F.2d 335 (2d Cir. 1975) ..................................................................... 11, 12

*Brock v. Superior Care, Inc.*
  840 F .2d 1054,  1062 (2d Cir.1988) ......................................................... 12

*Cohen v. Gerson Lehrman Grp. Inc.*
  686 F. Supp. 2 d 317  (S.D.N.Y. 2010) ............................................................ 16

*Cuzco v. Orion Builders, Inc.*
  477 F.Supp.2d 628, 635 (S.D.N.Y. 2007) ....................................................... 11

*Damassia v. Duane Reade, Inc.*
  250 F.R.D. 152 (S.D.N.Y. 2008) .................................................................... 18

*Diaz v. Scores Holding Co., Inc.*
  2008 WL 7863502 (S.D.N.Y May 9, 2008) .................................................... 20

*Fasanelli v. Heartland Brewery, Inc.*
  516  F.Supp. 2d 317, 323 (S.D.N.Y.2007) .................................................... 13

*Francis v. A & E Stores Inc.*
  2008 WL 4619858 (S.D.N.Y. Oct.16, 2008) ................................................. 16

*Hallissey v. Am. Online, Inc.*, No.
  2008 WL 465112 (S.D.N.Y. Feb. 19, 2008) ................................................. 18

*Heagney v. European American Bank*
  122 F.R.D. 468 (E.D.N.Y. 2001) .................................................................. 19

*Hoffman v. Sbarro*
  982 F. Supp. 249 (S.D.N.Y.1997) ......................................................... 11, 12, 15

*Hoffmann-La Roche Inc. v. Sperling*
  493 US 165 (1989) .............................................................................. 11, 20

*Holbrook v. Smith & Hawken, Ltd.*
  246  F.R.D. 103 (D. Conn. 2007) ................................................................. 18

*Indergit v. Rite Aid Corp.*
  2010  WL 2465488 (S.D.N.Y. June 16, 2010) ............................................. 18

*Jackson v. New York Telephone Co*.
  163 F.R.D. 429 (S.D.N.Y. 1995) .................................................................. 15

*Jacobsen v. Stop & Shop Supermarket Co.*
  2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 14, 2003) ........................................................19

*Kone v. Joy Constr. Corp.*
  2016 Wge & Hr Case 2d (BNA) 63995 (SDNY Mar. 3, 2016) .............................................14

*Krueger v. New York Telephone Co.*
  1993 WL 276058 (S.D.N.Y. July 21, 1993) .........................................................................15

*Lynch v. United Servs. Auto. Ass'n*
  491 F. Supp.2d 357 (S.D.N.Y. 2007) .................................................................................11

*Ma*sson *v. Ecolab. Inc.*
  2005 WL 2000133 (S.D.N.Y. Aug. 17, 2005) .......................................................................16

*Myers v. Hertz Corp.*
  624 F.3d 537 (2d Cir. 2010) ................................................................................ 11, 15, 17

*Ruggles v. WellPoint,, Inc.*
  591 F.Supp.2d 150, 162 n.12 (N.D.N.Y. 2008) ..................................................................12

*Shajan v. Barolo, Ltd.*
  No. 10 Civ. 1385, 2010 WL 2218095 (S.D.N.Y. June 2, 2010) ....................................... 11, 15

*Sipas v. Sammy's Fish Box, Inc.*
  2006 WL 1084556 (S.D.N.Y. Apr. 24, 2006) .......................................................................16

*Toure v. Central Parking Sys. of New York*
  2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007) ....................................................19

*Veltri v. Bldg. Serv. 32B-J Pension Fund*
  393 F.3d 318 (2d Cir. 2004) ...............................................................................................14

*Yu G. Ke v. Saigon Grill, Inc.*
  595 F.Supp.2d 240 (S.D.N.Y. 2008) ...................................................................................13

**Statutes**

29 U.S.C. § 216(b) .................................................................................................................9

**INTRODUCTION**

Named plaintiff Mirko Djurdjevich (the "Named Plaintiff") brought this action in January 2017 on behalf of himself and others similarly situated (collectively the "Prospective Collective Action Members" or "Plaintiffs"), in a Fair Labor Standards Act ("FLSA") collective action pursuant to 20 U.S.C. § 216(b), against Flat Rate Movers, Ltd., Sam Gholam, and Israel Carmel, (collectively the "Defendants"), for misclassifying Plaintiffs as independent contractors, and failing to pay minimum wages and overtime pay as required by the FLSA.

Additionally, Defendants face a class action lawsuit for failing to pay the hourly-paid, non- managerial employees "spread-of-hours" payments for each day they worked ten (10) or more hours as required by New York Labor Law ("NYLL") §§650 et seq., and New York Codes, Rules and Regulations ("NYCRR") § 146-1.6, to notify employees regarding their rate of pay, designated pay day, the employer's intent to claim allowances as part of the minimum wage, the basis of wage payment, and any applicable rates for overtime in the language of the employee at time of hire and every year as required by NYLL §198-1(b), and to issue detailed paystub at every payday as required by NYLL §198-1(d).

Named Plaintiff Djurdjevich by this Motion requests the Court conditionally certify this action as a collective action pursuant to 29 U.S.C. § 216(b).  Through this motion the Named Plaintiff seeks to protect the rights of all misclassified independent contractors who performed moving services for Defendants by: (1) timely sending them a Court approved Notice of this Lawsuit, along with the opt-in forms, to be posted in conspicuous place at Defendants' 27 Bruckner Boulevard location, (2) equitable tolling of collective members' claims so that they can make an informed decision about whether to join this action to recover the unpaid wages to Defendants owe them; and (3) requesting production of contact information, including alternate

1

phone numbers and addresses, last known email addresses, work locations, and dates of employment of all the Defendants' former and current non-managerial employees.

This Motion is based on the allegations set forth in the Second Amended Complaint ("SAC") and in the four accompanying affidavits – one from the Named Plaintiff Mirko Djurdjevich and three from pending opt-in Plaintiffs Dorde Bulut, Djordjie Bacovic, and Milovan Jankovic, all of whom attest that they are not the only ones who were cheated by Defendants' policy of misclassification and underpayment.

The SAC and the four affidavits submitted herewith establish that Defendants' misclassification of the Prospective Collective Action Members as independent contractors and Defendants failure to pay the Collective Action Members minimum wage and overtime in compliance with the FLSA was all part of Defendants' plan to skirt the law.  Defendants had been burned before by the New York State Attorney General for underpayment of employees. SAC ¶ 1.[1]  Instead of complying with wage laws, Defendants decided they would treat the Collective Action Members as independent contractors and try to get around the FLSA and NYLL.  By this Motion, Plaintiff seeks to provide opportunity for all former Flat Rate driver and truck workers to vindicate their rights in an efficient and orderly manner.

## PROCEDURAL HISTORY

Plaintiff initially filed a Collective Action Under 29 USC §216(b) on January 12, 2017. Defendants filed a motion to dismiss the initial Complaint in March 2017.  After Plaintiff filed his First Amended Complaint in April 2017, Defendants moved to dismiss the First Amended Complaint on May 18, 2017.  This Court issued its Decision and Order in that motion on March

---

[1] https://ag.ny.gov/press-release/ag-schneiderman-announces-distribution-over-2-million-restitution-400-cheated-workers

22, 2018, dismissing some of the Named Plaintiff's claims but none of which were the subject of the Collective Action.

Subsequent to the initial pre-trial conference, Plaintiff on May 11, 2018 filed his now-operative Second Amended Complaint ("SAC"), adding F.R.C.P Rule 23 Class Action allegations as to Plaintiff's state law causes of action.  Annexed hereto as "Exhibit 1."  The SAC alleges that Plaintiff is entitled to recover from Defendants, unpaid minimum wage, unpaid overtime wages of at least one and one-half (1.5x) times the regular pay at which they were employed for every hour worked in excess of forty (40) hours in a single workweek, liquidated damages equal to the sum of their FLSA shortfall, prejudgment and post judgment interest and attorney's fees and costs pursuant to the FLSA at 29 U.S.C. §§ 201, et seq., NYLL at §§ 650, et seq., and NYCRR § 146-1.6 for "spread of hours" payments for each day they worked ten (10) or more hours, as well as sum up to five thousand dollars ($5,000) for Defendants' Paystub violation and up to five thousand dollars ($5,000) Time of Hire Notice violation. See Doc. No. 1. On May 25, 2018, Defendants filed their Answer to Plaintiff's SAC.

## THE PARTIES

Named Plaintiff Mirko Djurdjevich ("Djurdjevich") aka Big Mike, was engaged by Defendants to provide moving services to Defendants from July 2010 to October 2011.  SAC ¶ 2; May 18, 2018 Declaration of Mirko Djurdjevich ["Djurdjevich Dec."]  ¶ 2.

Defendant Flat Rate Movers, Ltd. ("Flat Rate") is a New York corporation and a world-wide moving company based in the Bronx, New York.   Flat Rate is an "enterprise" as defined by the FLSA that on information and belief had gross sales in excess of $500,000 for all relevant periods.  SAC ¶ 22 – 24.

3

Defendant Gholam was at all relevant times the Chief Executive Officer of Flat Rate who hired, fired, and set pay rates for Djurdjevich and the Plaintiffs.

Defendant Israel Carmel was at all relevant times an officer of Flat Rate who hired, fired, and set pay rates for Djurdjevich and the Plaintiffs.

## FACTUAL BACKGROUND

The Plaintiff and Prospective Collective Action Members have all been misclassified as independent contractors and are in fact former and current employees of Defendants. As alleged in the SAC and in the accompanying declarations of Plaintiff and of three Prospective Collective Action Members Milovan Jankovic, Dorde Bulut, and Djordjie Bacovic, the Plaintiffs experienced a common set of policies and practices by the Defendants as to employee misclassification, overtime and minimum wages, and spread-of-hours pay, notice to employee provision, and paystub provision in violation of the FLSA, NYLL, and NYCRR. Further, Named Plaintiff Djurdjevich alleges that there are additional former and current employees who have been and are victim to the same unlawful employment practices.

The employment policies and practices common to the Plaintiff included the following:

- The Defendants misclassified Plaintiff and the Prospective Collective Action Members as independent contractors when they were in fact employees, and Defendants exercised complete control and supervision over the means by which Plaitnffs provided their services to Defendants. SAC ¶ 31, 70 – 74; Djurdjevich Dec. ¶¶ 4, 16 - 18; June 2, 2018 Declaration of Djordjie Bacovic ["Bacovic Dec."] ¶¶ 6 – 17; June 3, 2018 Declaration of Dorde Bulut ["Bulut Dec."] ¶¶ 6 – 17; June 7, 2018 Declaration of Milovan Jankovic ["Jankovic Dec."] ¶¶ 4 – 6, 9, 14;

- Defendants were the ones who made arrangements with Defendants' customers for pricing and scheduling a move. Declarants did not handle customer sales or relations. Djurdjevich Dec. ¶ 4; Bulut Dec. ¶¶ 6 - 9; Bacovic Dec. ¶¶ 4 - 6; Jankovic Dec. ¶¶ 4 – 6;

- Defendants required Declarants to purchase and wear Flat Rate's uniform at all times. Djurdjevich Dec. ¶ 4; Bulut Dec. ¶ 12  Bacovic Dec. ¶ 12; Jankovic Dec. ¶ 9;

4

- Defendants arranged with their customers whether Declarants would pack the customers belongings in addition to moving them.  If Declarants were required to pack, then Defendants prepared all packing materials for Declarants.  Bulut Dec. ¶ 8  Bacovic Dec. ¶ 8; Jankovic Dec. ¶ 5;

- Defendants even controlled the tips that Declarants received.  Flat Rate's contract with its customers suggested a tip of 15%, and Defendants instructed Declarants to not discuss tips with Flat Rate's customers.  Defendants even occasionally clawed back tips when Defendants were unhappy with the services Declarants provided.  Djurdjevich Dec. ¶ 4; Bulut Dec. ¶¶ 17, 18;  Bacovic Dec. ¶ 17; Jankovic Dec. ¶ 14;

- Defendants never provided Declarants with any tip credit notice or pay stubs and failed to keep records of Declarants' time worked.  Djurdjevich Dec. ¶¶ 18, 20, 22; Bulut Dec. ¶¶ 29, 31, 33;  Bacovic Dec. ¶¶ 30, 32, 34; Jankovic Dec. ¶¶ 24, 26, 28;

- Defendants required Declarant to work 14-hour days and more, six days per week, paying Declarants a percentage of the customer fee that Defendants arranged, resulting in less than minimum wage pay with no overtime.  Djurdjevich Dec. ¶ 14; Bulut Dec. ¶¶ 20 - 22, 27;  Bacovic Dec. ¶¶ 18 – 21, 37; Jankovic Dec. ¶¶ 15 – 18, 22;

In the Complaint, Plaintiff alleges violations of the FLSA, NYLL, and NYCRR. The claims are asserted on behalf of the Plaintiff, and Prospective Collective Action Members. Plaintiff now seeks an order pursuant to 29 U.S.C. § 216(b) granting conditional certification and authorizing the Named Plaintiff to send notice to all Prospective Collective Action Members. Specifically, Plaintiff seeks conditional certification of the following similarly situated individuals:

All persons who are or were formerly employed by Defendants in the United States at any time since January 1, 2010, to the entry of judgment in this case (the "Collective Action Period"), who performed moving services for Flat Rate under the unlawful scheme described herein, and were either misclassified as independent contractors or were engaged as truck crews for said misclassified persons, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

# ARGUMENT

As discussed in detail below, the SAC and the four affidavits submitted herewith establish that Defendants perpetrated a common policy as to the Prospective Collective Action Members by misclassifying them as independent contractors and then paying them less than minimum wage and no overtime.  Accordingly, under the minimal standard for conditional certification, the court should grant the motion as to the Prospective Collective Action Members to be defined as follows:

> All persons who are or were formerly employed by Defendants in the United States at any time since January 1, 2010, to the entry of judgment in this case (the "Collective Action Period"), who performed moving services for Flat Rate under the unlawful scheme described herein, and were either misclassified as independent contractors or were engaged as truck crews for said misclassified persons, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

## I.   Court-Authorized Notice is Fair, Practicable, Necessary, and Advances the FLSA's Goals.

The FLSA permits private parties to bring an overtime claim "[o]n behalf of…themselves and other employees similarly situated." 29 U.S.C. § 216(b). Further, the FLSA states "No  employee shall be a party plaintiff to any such action unless he gives his consent in writing to  become such a party and such consent is filed in the court in which such action is brought." *Id*.  In  order to achieve the FLSA's "broad remedial purpose[.]" district courts have the power to order  that notice be given to other potential members of the plaintiff class under the "opt-in" provision  of the FLSA dealing with actions for nonpayment of statutorily required minimum wages and  overtime compensation. *Braunstein v. E. Photo. Labs., Inc.,* 600 F.2d 335, 336 (2d Cir. 1975)*, cert. denied,* 441 U.S. 944 (1979); *Myers v.*

*Hertz Corp.,* 624 F.3d 537,554 (2d Cir. 2010) ("[D]istrict courts have 'discretion, in appropriate cases, to implement [§ 216(b)]…by facilitating   notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs."); *see also Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp.2d 357, 371  (S.D.N.Y. 2007); *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385, 2010 WL 2218095, *1 (S.D.N.Y. June 2, 2010).

The Court discussed the law governing class notice under the FLSA in *Hoffman v. Sbarro,* 982 F. Supp. 249, 262-262 (S.D.N.Y.1997), where it stated "It is well settled that district courts have the discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b) of the FLSA".  "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffmann-La Roche Inc. v. Sperling,* 493 US 165, 172 (1989).

Moreover, collective actions provide workers an opportunity to "lower individual costs to vindicate rights by…pooling…resources[,]" and enable the "efficient resolution in one proceeding   of common issues of law and fact." *Id*. at 170.  Notice here will provide collective members with   a single forum in which to determine whether the Defendants' overtime policies are lawful.

## II.   **Expeditious Notice is Necessary to Protect the Rights of the Plaintiffs.**

Employees must receive timely notice in order for the "intended benefits of the collective action…to accrue." *Cuzco v. Orion Builders, Inc.,* 477 F.Supp.2d 628, 635 (S.D.N.Y. 2007). The  FLSA statute of limitations runs until an employee files a consent form. *Hoffmann*, 982 F. Supp.  at 260. Time is of the essence because the Plaintiffs claims are diminished or extinguished every  day.  Timely notice will curtail their continued erosion, *Ruggles v. WellPoint,, Inc.*, 591 F.Supp.2d  150, 162 n.12 (N.D.N.Y. 2008), and is necessary to effectuate the FLSA's "broad  remedial  purpose." *Braunstein*, 600 F.2d at 336.

### III.   Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs.

An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a).  The Second Circuit has explained that "a violation is willful  for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc.,* 840 F .2d 1054, 1062 (2d Cir.1988)*.*

In a collective action suit, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit.  *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) (citing 29 U.S.C. §§ 255, 256); *Hoffman v. Sbarro, Inc.,* 982 F. Supp. 249, 260 (S.D.N.Y. 1997).  Since unnecessary delays are of particular concern due to the FLSA's limitations period which continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly, it is respectfully submitted that the statute of limitation on this suit be tolled for 90 days until the expiration of the Opt-in period.

Plaintiff also requests that the contents of any notice should provide for a three-year statute of limitations afforded to claims of willful violations of the FLSA, as opposed to a two-year limitations period. Courts routinely approve a three-year notice period. *See, e.g., Iglesias-Mendoza,* 239 F.R.D. at 369 ("Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action.*"); Anglada v. Linens 'N Things, Inc.,* 2007 WL 1552511, at *8 (S.D.N.Y. May 29, 2007) ("[W]here there has been no substantive discovery as to the appropriate temporal scope of the prospective class of member plaintiffs, and where the Plaintiff has alleged a willful violation of the FLSA, it is prudent to certify

a broader class of plaintiffs that can be limited subsequently, if appropriate, during the second phase of the collective action certification process."); *Fasanelli v. Heartland Brewery, Inc.,* 516 F.Supp. 2d 317, 323 (S.D.N.Y.2007) (conditionally certifying class based on three-year period to "avoid any merit-based determinations at this time" but noting the possibility of "decertification at a later time").

The January 1, 2010 start for the collective action period is appropriate because the scheme perpetrated by Defendants was specifically designed to defraud the Collective Action Members and conceal from them that they should have been receiving minimum wage and overtime, and Defendants had put their scheme into place by 2010 at the latest.[2]  Defendants preyed on recent immigrants with little if any understanding of state and federal wage laws, and intentionally misclassified them as independent contractors in an attempt to avoid federal and state wage obligations.  SAC ¶¶ 1, 2, 3, 7, 90, 91; Djurdjevich Dec. ¶¶ 2, 26; Bulut Dec. ¶¶ 6, 34, 35; Bacovic Dec. ¶¶ 6, 35, 36; Jankovic Dec. ¶¶ 29, 30.

 "As a general matter, equitable tolling may be used to suspend the statute of limitations 'against a plaintiff who is unaware of his cause of action', a step that is particularly appropriate if the defendant's conduct 'concealed from the plaintiff the existence of a cause of action.'" *Yu G. Ke v. Saigon Grill, Inc.*, 595 F.Supp.2d 240, 259 (S.D.N.Y. 2008).  "In the context of the FLSA," concealment of the cause of action may be found "where an employer has failed to post [required] notice of employees' rights under the statute."  *Kone v. Joy Constr. Corp., 2016 Wge & Hr Case 2d* (BNA) 63995 (SDNY Mar. 3, 2016) at *2.  Defendant's conduct in concealing the cause of action need not have constituted fraudulent concealment in order to support

---

[2] The New York State Attorney General's investigation into Flat Rate's underpayment of employees began no later than 2010, and the AG reached a $1.2 million settlement with Flat Rate regarding same in late 2010.  https://ag.ny.gov/press-release/ag-schneiderman-announces-settlements-two-nyc-moving-companies-underpaying-workers

equitable tolling. *Id*. "The relevant question is not the intention underlying defendants' conduct, but rather whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action." *Veltri v. Bldg. Serv. 32B-J Pension* Fund, 393 F.3d 318, 323 (2d Cir. 2004).

In its March 22, 2018 Memorandum Opinion & Order, this Court declined to dismiss the complaint's wage and hour claims as time-barred, based in part on Defendants failure to provide Plaintiff with any notice of his rights under the FLSA and NYLL. Thus, in order to notify potential plaintiffs who would be within a tolled statute of limitations per the allegations in the SAC, the notice period should sufficiently reach back to when Defendants began intentionally misclassifying employees and concealing their rights from them.

### IV.    Plaintiff Exceeds the Low Burden for Conditional Certification.

The SAC and the four affidavits submitted herewith establish that Defendants' misclassification of the Prospective Collective Action Members as independent contractors and Defendants failure to pay the Collective Action Members minimum wage and overtime in compliance with the FLSA was all part of Defendants' plan to skirt the law. Defendants had been burned before by the New York State Attorney General for underpayment of employees. SAC ¶ 1.[3] Instead of complying with wage laws, Defendants decided they would treat the Collective Action Members as independent contractors and try to get around the FLSA and NYLL.

In determining whether to certify a collective action under § 216 of the FLSA, Courts in the Second Circuit use a two-step procedure. *Myers*, 624 F.3d at 554-55. First, at the "notice stage," the plaintiffs must establish that other employees "may be similarly situated" to them. *Id.*

---

[3] https://ag.ny.gov/press-release/ag-schneiderman-announces-distribution-over-2-million-restitution-400-cheated-workers

at 555 (internal quotation marks omitted).  "Nothing more is needed at this stage of the litigation." *Shajan*, 2010 WL 2218095, at *1.

Neither the FLSA nor its implementing regulations define the term "similarly situated" however; courts have held that Plaintiff can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiff together were victims of a common policy or plan that violated the law.  *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (at the preliminary notice stage, "plaintiffs are only required to demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme"); *Hoffmann,* 982 F. Supp. at 261 (at the conditional certification stage, a plaintiff must make only "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."); *Krueger v. New York Telephone Co.*, 1993 WL 276058 (S.D.N.Y. July 21, 1993) (when the litigation is in its early stages, plaintiffs need only provide "some factual basis from which the court can determine if similarly situated plaintiffs exist").  At this stage, the burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are "similarly situated." *Jackson*, 163 F.R.D at 431 ("The inquiry at the inception of the lawsuit is less stringent  than the ultimate determination that the class is properly constituted.").

Here, Plaintiff has submitted sufficient evidence to meet the minimal standard required for conditional certification, including the Complaint and four affidavits – one from the Named Plaintiff Mirko Djurdjevich and three from opt-in Plaintiffs Dorde Bulut, Djordjie Bacovic, and Milovan Jankovic.  Courts in this circuit generally make the decision to grant conditional certification based on the pleadings and any affidavits that may have been submitted. Conditional

certification has been granted regularly by courts in this circuit based on the testimony of one or two plaintiffs and little more.  *See Cohen v. Gerson Lehrman Grp. Inc.,* 686 F. Supp. 2 d 317, 331 (S.D.N.Y. 2010) ("The complaint and [plaintiff's] Affidavit are sufficient to warrant preliminary certification of a collective action in this case"); *Francis v. A & E Stores Inc.,* No. 06 Civ. 1638, 2008 WL 4619858, at *3 (S.D.N.Y. Oct.16, 2008) (granting conditional certification based upon a single affidavit and deposition testimony that job duties were similar at all stores); *Sipas v. Sammy's Fish Box, Inc.,* No. 05 Civ 10319, 2006 WL 1084556, at *2 (S.D.N.Y. Apr. 24, 2006) (conditionally certifying collective on basis of three affidavits and complaint's allegations); *Masson v. Ecolab. Inc.,* No. 04 Civ. 4488, 2005 WL 2000133, at *14 (S.D.N.Y. Aug. 17, 2005)  (conditionally certifying collective on the basis of affidavits from three opt-in plaintiffs).

In this case, in his complaint, Plaintiff has alleged that Defendants operated under a policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of misclassifying Plaintiff and the Collective Action Members, and willfully failing and refusing to pay Plaintiff overtime wages at one-and-one-half times  their regular wage for those hours worked in excess of forty (40) hours per work week, of refusing  to pay Plaintiff the minimum wage rate for each hour worked during a work week.  Plaintiff also alleged that Defendants willfully failed to keep records of wages and  hours as required by the FLSA, failed to provide Initial Notice regarding rates of pay  and payday, and detailed paystubs for each payday.  SAC ¶¶ 2,  31 – 34, 88 - 94.  Similarly, Plaintiff  alleged that Defendants failed to post the required United States Department of Labor, and New  York Department of Labor signs regarding overtime pay. SAC ¶¶ 90, 91.

The four declarations accompanying this Motion also establish that conditional certification is appropriate.  All four declarants describe a system of total control by Defendants

over the manner in which they provided their services, establishing widespread misclassification,

as well as systematic underpayment.  This system, among other aspects, included the following:

- Defendants were the ones who made arrangements with Defendants' customers for pricing and scheduling a move.  Declarants did not handle customer sales or relations. Djurdjevich Dec. ¶ 4; Bulut Dec. ¶¶ 6 - 9; Bacovic Dec. ¶¶ 4 - 6; Jankovic Dec. ¶¶ 4 – 6;

- Defendants required Declarants to purchase and wear Flat Rate's uniform at all times. Djurdjevich Dec. ¶ 4; Bulut Dec. ¶ 12  Bacovic Dec. ¶ 12; Jankovic Dec. ¶ 9;

- Defendants arranged with their customers whether Declarants would pack the customers belongings in addition to moving them.  If Declarants were required to pack, then Defendants prepared all packing materials for Declarants.  Bulut Dec. ¶ 8  Bacovic Dec. ¶ 8; Jankovic Dec. ¶ 5;

- Defendants even controlled the tips that Declarants received.  Flat Rate's contract with its customers suggested a tip of 15%, and Defendants instructed Declarants to not discuss tips with Flat Rate's customers.  Defendants even occasionally clawed back tips when Defendants were unhappy with the services Declarants provided.  Djurdjevich Dec. ¶ 4; Bulut Dec. ¶ 17, 18;  Bacovic Dec. ¶ 17; Jankovic Dec. ¶ 14;

- Defendants never provided Declarants with any tip credit notice or pay stubs and failed to keep records of Declarants' time worked.  Djurdjevich Dec. ¶¶ 18, 20, 22; Bulut Dec. ¶¶ 29, 31, 33;  Bacovic Dec. ¶¶ 30, 32, 34; Jankovic Dec. ¶¶ 24, 26, 28;

- Defendants required Declarant to work 14-hour days and more, six days per week, paying Declarants a percentage of the customer fee that Defendants arranged, resulting in less than minimum wage pay with no overtime.  Djurdjevich Dec. ¶ 14; Bulut Dec. ¶¶ 20 - 22, 27;  Bacovic Dec. ¶ 18 – 21, 37; Jankovic Dec. ¶ 15 – 18, 22;

It is during the second stage that the District Court has a fuller record, and will

"…determine whether a so-called 'collective action' may go forward by determining whether the

plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624

F.3d at 555. Where the court determines that the plaintiffs are not similarly situated, "the action

may be "de-certified,"… and the opt-in plaintiffs' claims may be dismissed without prejudice."

*Id*.

V.     **The Named Plaintiff, and Prospective Collective Action Members are Similarly Situated with Respect to their Claims.**

This lawsuit challenges a uniform policy enacted by Defendants. Specifically, the common policy and plan upon which Defendants operated was misclassifying their movers as independent contractors and then paying them less than minimum wage with no overtime.  This is precisely the type of claim that the Second Circuit has recognized as being appropriate for  conditional certification.   Courts have held that a "blanket" classification policy, like the Defendants' policy, without  much more, can meet the low threshold for conditional certification. *See Indergit v. Rite Aid Corp.*,  Nos. 08 Civ. 9361 & 11364, 2010 WL 2465488, at *4 (S.D.N.Y. June 16, 2010) (conditional certification "may be appropriate . . . where defendants have admitted that the actions challenged by plaintiffs reflect a company-wide policy"); *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 WL 465112, at *2 (S.D.N.Y. Feb. 19, 2008) (plaintiffs were similarly situated where they  alleged that they were all misclassified as volunteers); *Holbrook v. Smith & Hawken, Ltd.*, 246  F.R.D. 103, 106 (D. Conn. 2007) ("The consistent manner in which Smith & Hawken classified its [Assistant Store Managers] is sufficient to carry [Plaintiff]'s burden" to show that they were similarly situated). In certifying a class of Duane Reade ASMs in 2008, Judge Lynch found that Duane Reade's "blanket determination is evidence that differences in the position, to the extent that there are any, are not material to the determination of whether the job is exempt from overtime requirements." *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008).

VI.     **The Named Plaintiff, and Prospective Collective Action Members are Similarly Situated with Respect to their Job Duties.**

Prospective class members need not be identically situated to the named plaintiffs or to each other. *Heagney v. European American Bank*, 122 F.R.D. 468, 483 (E.D.N.Y. 2001) (citing  *Heagney* in holding that "in order to be 'similarly situated,' the plaintiffs do not have to

perform the same job in the same location as long as there is a discriminatory policy common to all.").

Moreover, it does not matter that the prospective class members perform different duties. *See, e.g.*, *Jacobsen v. Stop & Shop Supermarket Co.*, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 14, 2003) at \*7 (class of trainees and back-up managers). Nor does the fact that they were employed at different times affect the determination of granting class notice. *See Toure v. Central Parking Sys. of New York*, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007), at \*8 (declarations asserting that defendants "had an express policy of forcing garage attendants on the night shift…to work more than forty hours per week and refusing to pay them for the additional time" was sufficient to meet the burden of "making a modest factual showing sufficient to demonstrate that [Plaintiffs] and [other employees] together were victims of a common policy or plan that violated the law," regardless of the fact that dates of employment and hours worked were "unique to each employee.") (citing *Hoffman* 982 F.Supp. 249, 261 (S.D.N.Y. 1997)).

In alleging that they were subject to common employment policies and practices that violated the FLSA, the Named Plaintiff has met his minimal burden for collective action certification. The Named Plaintiff further states that he personally worked with other employees of the Defendants who, from the Named Plaintiff's observations and discussions with the other employees, performed the same or similar duties and who were also underpaid, indicating widespread wage and hour violations affecting a large number of employees and Prospective Collective Action Members.

### VII. The Court Should Approve Plaintiff's Proposed Notice.

Plaintiff requests that the Court authorize him to send the Proposed Notice of Pendency ("Proposed Notice'), annexed hereto as Exhibit 2, to all individuals who have worked as movers

for Defendants at any time from January 1, 2010 to the present, and the Consent to Join Lawsuit Form, annexed hereto as Exhibit 3.  Plaintiff also proposes that a 90-day opt-in period be contained in the Proposed Notice.  The Proposed Notice is "timely, accurate, and informative," and should therefore be approved.  *Hoffmann-La Roche*, 493 U.S. at 172.  Further, the Proposed Notice contains the same language as that which was approved by Judge Berman in *Diaz v. Scores Holding Co., Inc.*, No. 07 Civ. 8718, 2008 WL 7863502 (S.D.N.Y May 9, 2008).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this court:

(1) conditionally certify this action as a collective action as proposed;

(2) order the Defendants to produce a Microsoft Excel datafile containing contact information, including but not limited to last known mailing addresses, last known telephone numbers, last known email addresses, work locations, and dates of employment for all those individuals who performed moving services for Defendants from January 1, 2010 to the date this Court decides this Motion;

(3)  authorize the issuance of the Proposed Notice and Consent to Join Lawsuit Form to all individuals who provided moving services to Defendants from January 1, 2010 to the date this Court decides this Motion and a reminder notice during the opt-in period;

(4) authorize equitable tolling of the statute of limitation pending the expiration of the opt-in period; and

(5) order the Defendants to post the approved Proposed Notice in conspicuous locations at all the locations where the Prospective Collective Action Members worked, or are now working.

Dated:    June 8, 2018
           New York, New York      LAW OFFICE OF MATTHEW C. HEERDE

By:   Matthew C. Heerde
       222 Broadway, 19th Fl
       New York, New York 10038
       Tel: 347-460-3588
       Fax: 347-535-3588
       Email: mheerde@heerdelaw.com
       *Attorneys for Plaintiff Mirko Djurdjevich,*
       *individually and on behalf of others*
       *similarly situated, and the Class*

17