UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mirko Djurdjevich,

                Plaintiff,

–v–

Flat Rater Movers, Ltd. et al,

                Defendants

17-cv-261 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

This case centers around alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by Defendants Flat Rate Movers, Ltd. ("Flate Rate"), Sam Gholam, and Israel Carmel. On June 8, 2018, Plaintiff, Mirko Djurdjevich, moved to conditionally certify this action under the FLSA and send notice to potential plaintiffs. Dkt No. 40. Defendants oppose the conditional certification motion, and also object to several components of Plaintiff's proposed notice. *See* Dkt No. 47 ("Def. Br."). For the following reasons, the Court grants the motion for conditional certification and orders the parties to confer and submit a joint proposed notice as described below.

I.    **Background**

The Court assumes familiarity with the facts of this case, which were the subject of an earlier Memorandum Opinion & Order granting in part and denying in part Defendants' motion to dismiss. Dkt. No. 29. In short, Plaintiff, the operator of a moving service crew, alleges that he was improperly classified as an independent contractor, but was actually Defendants' employee. *See id.* at 1, 7 (citing to Dkt. No. 16, First Amended Complaint). Plaintiff alleges that as

1

Defendants' employee, he was the subject of several FLSA and NYLL violations. *See id.* at 6-12 (citing to Dkt. No. 16, First Amended Complaint).

After the Court ruled on the motion to dismiss, on June 8, 2018, Plaintiff filed a motion to conditionally certify this action and send notice to potential plaintiffs. Dkt. No. 40. Plaintiff requests that the Court conditionally certify a collective action comprising "all persons who were or are engaged by Flat Rate Movers, Ltd. from January 1, 2010 to entry of judgment in this case, who performed moving services for Flat Rate and were either misclassified as independent contractors or were engaged as truck crews for said misclassified persons." Dkt. No. 52 ("Pl. Rep. Br.") at 2. On July 6, 2018, Defendants filed an opposition to Plaintiff's motion. Dkt. No. 47. On July 20, 2018, Plaintiff filed a reply memorandum of law in further support of his motion. Dkt. No. 52.

## II. Legal Standard

The FLSA authorizes workers to sue on behalf of both themselves and "other employees similarly situated." 29 U.S.C. § 216(b). "District courts have discretion, in appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Vargas v. HSBC Bank USA, N.A.*, No. 11-cv-7887 (DAB), 2012 WL 10235792, at *3 (S.D.N.Y. Aug. 9, 2012) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)). Courts in this circuit apply a two-step method to determine whether a collective action should be certified. *Myers*, 624 F.3d at 554-55. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* at 555. At the second step, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the

2

plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* If they are not, the action may be "de-certified," and the opt-in plaintiffs' claims will be dismissed without prejudice. *Id.*

At the first step, plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). While this showing "cannot be satisfied simply by 'unsupported assertions,'" it "should remain a low standard of proof because the purpose of the first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (citation omitted); *see also Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (describing plaintiffs' burden as "very low" and "minimal"). This standard is "'considerably less stringent' than the requirements for class certification under Rule 23." *Poplawski v. Metroplex on the Atl., LLC*, No. 11-cv-3765 (JBW), 2012 WL 1107711, at *3 (E.D.N.Y. Apr. 2, 2012) (citation omitted). As a result, in a FLSA exemption case, plaintiffs need only make "some showing that 'there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions,' on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme." *Myers*, 624 F.3d at 555 (alteration in original) (citation omitted). In other words, "the Court must merely find some identifiable factual nexus which binds [Plaintiff] and potential class members together as victims of a particular practice." *Alvarado Balderramo v. Taxi Tours Inc.*, No. 15-cv-2181 (ER), 2017 WL 2533508, at *3 (S.D.N.Y. June 9, 2017) (alteration in original) (citation omitted).

To meet this low burden, "[t]he plaintiff may adduce evidence through its own pleadings, affidavits, and declarations, including any hearsay statements contained therein."

*Morris v. Lettire Constr. Corp.*, 896 F. Supp. 2d 265, 269 (S.D.N.Y. 2012) (citation omitted). "[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Hernandez v. Bare Burger Dio Inc.*, No. 12-cv-7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases). At this initial stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (quoting *Lynch*, 491 F. Supp. 2d at 368). "Indeed, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated." *Lynch*, 491 F. Supp. 2d at 368; *see also Hoffman*, 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here."). As a result, "any factual variances that may exist between the plaintiff and the putative class do not defeat conditional class certification." *Lynch*, 491 F. Supp. 2d at 369; *see also Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007). Thus "courts in this Circuit routinely decline to consider . . . opposing declarations, because the issue for the Court is not whose evidence is more persuasive, but 'whether Plaintiffs have made the modest factual showing that they are required to make at this stage of the litigation.'" *Vasto v. Credico (USA) LLC*, No. 15-cv-9298 (PAE), 2016 WL 2658172, at *15 (S.D.N.Y. May 5, 2016) (citation omitted); *see also Moore v. Publicis Groupe SA*, No. 11-1279 (ALC), 2012 WL 2574742, at *11 (S.D.N.Y. June 28, 2012) ("While a large amount of discovery has been conducted, discovery remains incomplete. Defendants' arguments are more appropriate after discovery is finished.").

**III.   Discussion**

4

Having reviewed the filings under the relevant legal standard, the Court concludes that Plaintiff's motion for collective certification is sufficiently supported by the allegations in his Second Amended Complaint, and the declaration and exhibits attached to his motion.

Plaintiff has made a "modest factual showing" that he and prospective collective action members "were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 554-55. These common practices include the allegation that Defendants classified Plaintiff and potential plaintiffs as independent contractors, when they were actually employees of Defendants. Dkt. No. 33, Second Amended Complaint ¶ 31, 70-74; Dkt. No. 41, Ex. 4, May 18, 2018 Declaration of Mirko Djurdjevich ("Djurdjevich Dec.") ¶¶ 4, 16-18; Dkt. No. 41, Ex. 5, June 2, 2018 Declaration of Djordjie Bacovic ("Bacovic Dec.") ¶¶ 6-17; Dkt. No. 41, Ex. 6, June 3, 2018 Declaration of Dorde Bulut ("Bulut Dec.") ¶¶ 6-17; Dkt. No. 41, Ex. 7, June 7, 2018 Declaration of Milovan Jankovic ("Jankovic Dec.") ¶¶ 4-14. At this stage, Plaintiff has alleged that Defendants required Plaintiff and potential plaintiffs to work often 14-hour days or more, six days per week, paying them a percentage of the customer fee that Defendants arranged, resulting in less than minimum wage pay with no overtime pay. Djurdjevich Dec. ¶ 5, 14; Bulut Dec. ¶¶ 20-22, 27; Bacovic Dec. ¶¶ 18-21, 27; Jankovic Dec. ¶¶ 15-18, 22. According to Plaintiff, Defendants never provided Plaintiff or potential plaintiffs with any tip credit notice or pay stubs and failed to keep records of their time worked. Djurdjevich Dec. ¶¶ 18, 20-22; Bulut Dec. ¶¶ 29, 31-33; Bacovic Dec. ¶¶ 30, 32-34; Jankovic Dec. ¶¶ 24, 26-28.

Plaintiff has also shown that he and potential plaintiffs were "similarly situated with respect to their job requirements." *Myers*, 624 F.3d at 555. For example, Defendants required Plaintiff and potential plaintiffs to purchase and wear Flat Rate's uniform at all times, Defendants arranged with customers whether Plaintiff and potential plaintiffs would pack the

customers belongings in addition to moving them, and Defendants controlled the tips that Plaintiff and potential plaintiffs received. Djurdjevich Dec. ¶ 4; Bulut Dec. ¶¶ 6-9, 12, 17-18; Bacovic Dec. ¶¶ 7- 8, 12, 17; Jankovic Dec. ¶¶ 4-6, 9, 14. And, Defendants have conceded that they had a company policy of using subcontractors, and even hired Plaintiff and potential plaintiffs based on the same, standard contract agreement. *See* Def. Br. at 5-6; Dkt. No. 46, July 6, 2018 Declaration of David L. Giampetro ("Giampetro Dec.") ¶ 11, 20-21. When "defendants have admitted that the actions challenged by plaintiffs reflect a company-wide policy," it is indicative that Plaintiff and potential plaintiffs are similarly situated. *Indergit v. Rite Aid Corp.*, No. 08-cv-11364 (PGG), 2010 WL 2465488, at *4 (S.D.N.Y. June 16, 2010) (quotation omitted). Taken together, this evidence suggests that Plaintiff and potential plaintiffs were "classified as exempt pursuant to a common policy or scheme." *Myers*, 624 F.3d at 555.

Defendants' primary argument is that Plaintiff and prospective collective action members are independent contractors, and cannot be categorized as "employees" under FLSA. *See* Def. Br. at 9-13. However, this argument is not relevant to the collective action inquiry at this stage. "[S]uch an inquiry is premature and inappropriate at this preliminary stage. At the first step, a defendant's assertion of the potential applicability of an exemption should not be permitted to overcome an otherwise adequate threshold showing by the plaintiff." *Racey v. Jay-Jay Cabaret, Inc.*, No. 15-cv-8228 (KPF), 2016 WL 3020933, at *6 (S.D.N.Y. May 23, 2016) (quotation omitted); *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 447 (S.D.N.Y. 2013) (arguing that FLSA exemption precludes certification is "asking the Court to undertake the very type of premature merits determination that is proscribed at the preliminary certification stage."). Plaintiff has made that adequate threshold showing here, and therefore, Defendants' exemption argument cannot defeat certification.

Defendants also argue that Plaintiff and the Declarants are all subcontractor owner operators. *See* Def. Br. at 14. According to Defendants, Plaintiff has therefore not provided a factual showing that the collective action should be expanded to include subcontractor owner operator employees, i.e., the "truck crews." *See id.* Defendants are incorrect. The declarations contain factual information that Defendants determined how much the truck crew workers were paid, and how many workers could be used for each moving job. Djurdjevich Dec. ¶ 10; Bulut Dec. ¶¶ 10-11; Jankovic Dec. ¶ 7-8; Bacovic Dec. ¶ 10-11. Defendants would often want to meet the individual truck crew employees prior to the start of a new moving job. Djurdjevich Dec. ¶ 14; Bulut Dec. ¶ 14 Jankovic Dec. ¶ 11; Bacovic Dec. ¶ 14. And, Plaintiff has a submitted an example of a "Job Completion Form" with Flat Rate's logo on it that described the percentage of the commission that would be paid to the truck crew employees. Dkt. No. 51, Djurdjevich July 20, 2018 Declaration, ¶¶ 8-12; Dkt. No. 51, Ex. B. This included: the names of the truck crew, the percentage of the commissionable amount, and the dollar amount each crewmember was supposedly be paid from the commissionable amount. *Id.* Plaintiff has therefore made a modest factual showing that the "common policy or plan that violated the law," extended to the truck crew employees. *Myers*, 624 F.3d at 554-55. Accordingly, the collective action can include the "truck crews," and does not need to be limited to just the subcontractor owner operators.

For all of these reasons, Plaintiff's motion is granted. The Court now addresses other issues that were raised in the parties' briefs.

## IV. Equitable Tolling

The parties raised arguments as to whether any claims in this case warrant equitable tolling. *See* Dkt. No. 41 ("Pl. Br.") at 8-10; Def. Br. at 15-16. As the Court explained in its

earlier Memorandum Opinion & Order, the statute of limitations for a claim under the FLSA is two years, or three years if the violation was willful. 29 U.S.C. § 255(a). The statute of limitations may, however, be tolled in certain circumstances. "[E]quitable tolling may be used to suspend the statute of limitations against a plaintiff who is unaware of his cause of action . . . ." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) (quoting *Cerbone v. Int'l Ladies' Garment Workers Union*, 768 F.2d 45, 48 (2d Cir. 1985)). "The relevant question when considering a request to toll is whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action, and despite all due diligence he [wa]s unable to obtain vital information bearing on the existence of his claim." *Lanzetta v. Florio's Enters., Inc.*, 763 F. Supp. 2d 615, 622 (S.D.N.Y. 2011) (Chin, J.) (internal citations and quotation marks omitted). "[T]he failure to provide an employee with the notice required by the FLSA may be a sufficient basis for tolling . . . if that failure contributed to the employee's unawareness of his rights." *Id.* at 622-23 (internal quotation marks omitted). However, failure to disclose that an employee is entitled to overtime pay is generally not sufficient, on its own, to justify equitable tolling. *Upadhyay v. Sethi*, 848 F. Supp. 2d 439, 445 (S.D.N.Y. 2012). A plaintiff must also demonstrate that the failure to provide him with such notice contributed to his unawareness of his rights. *Id.* at 446.

The Court concluded in its earlier Memorandum Opinion & Order that it was too early determine whether Plaintiff's claims merit equitable tolling. *See* Dkt. No. 41 at 5-6. The Court explained: "it is not clear whether Defendants' alleged failure to provide the required notice led to Plaintiff's ignorance of his rights or whether he learned about his rights from another source." *Id.* at 6. The Court held that any arguments as to equitable tolling may be raised again, if appropriate, at the summary judgment stage. *Id.*

For those same reasons, the Court concludes that it is possible that other potential plaintiffs are similarly situated as Plaintiff, such that equitable tolling *may* be warranted. Defendants attack Plaintiff's factual allegations that FLSA notices were not posted, s*ee* Def. Br. at 16, and therefore argue that equitable tolling is not warranted. However, at this stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (quoting *Lynch*, 491 F. Supp. 2d at 368). The determination as to the timeliness of each future plaintiff's action is better reserved for a later stage of the litigation.

Therefore, Plaintiff's categorical request for equitable tolling is denied—with the understanding that potential individual plaintiffs may seek such tolling upon demonstrating its applicability. *See Whitehorn v. Wolfgang's* Steakhouse, Inc., 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011); *Gomez v. Terri Vegetarian LLC*, No. 17-CV-213 (JMF), 2017 WL 2628880, at *2 (S.D.N.Y. June 16, 2017); *Santiago v. Tequila Gastropub LLC*, No. 6-CV-7499 (JMF), 2017 WL 1283890, at *2 (S.D.N.Y. Apr. 5, 2017).

Plaintiff also argues that, since equitable tolling may be applicable, the proposed notice should allow for January 1, 2010 as the appropriate start date for the collective action period. Pl. Br. at 9. Plaintiff alleges that Defendants had "put their scheme into place by 2010 at the latest." *Id.* However, Plaintiff cites no case law for the proposition that the notice be sent to those who may have worked for Defendants as far back as eight years ago. Defendants, in opposing this timeframe, rely only on the factual argument that FLSA notices were not posted, s*ee* Def. Br. at 16, which the Court has already rejected. Accordingly, as part of the meet and confer process, discussed in greater detail below, the parties shall discuss applicable legal authority from courts in this Circuit and attempt to resolve the relevant period that should be included in the notice. If

9

the parties should fail to reach an agreement on this issue, it should be addressed in their letter, which is also discussed below.

V. **The Proposed Notice**

In its opposition to conditional certification, Defendants raise several objections to the notice proposed by Plaintiff both in form and substance. Def. Br. at 16-22. And Plaintiff, in his reply, conceded to some changes. See Pl. Rep. Br. at 10. Accordingly, the parties are ordered to attempt to resolve these disputes related to the method of dissemination and text of the proposed notice. Within two weeks of the date of this Order, the parties shall submit a new proposed notice. If, after meeting and conferring, the parties should fail to reach agreement as to one or more issues, the parties are ordered to submit a letter to the Court of no more than eight pages. The letter should (1) represent that the parties have met and conferred, (2) identify the precise issue(s) on which disagreement remains, and (3) set forth each side's respective position on those issues. The parties should cite case law from courts in this Circuit that supports their arguments. After resolving any contested issues, the Court will ask the parties to resubmit a joint proposed notice that reflects such resolution.

VI. **Conclusion**

For the foregoing reasons, the Court grants Plaintiff's motion for conditional certification. The parties are ordered to meet and confer regarding the proposed notice, as further set forth in this order. This resolves Docket Number 40.

SO ORDERED.

Dated: November 13, 2018
New York, New York

ALISON J. NATHAN
United States District Judge