# TRAVIS LAW PLLC

80 Maiden Lane, Suite 304
New York, New York 10038
Tel: (212) 248-2120
www.travislawnyc.com

November 26, 2018

<u>VIA ECF</u>

Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Mirko Djurdjevich v. Flat Rate Movers, Ltd., et al.*
             Case No.: 17-CV-00261 (AJN)

Dear Judge Nathan:

      Our firm represents the Defendants Flat Rate Movers, Ltd., Sam Gholam, and Israel Carmel (collectively, "Defendants") in the above-referenced action for an alleged failure to pay FLSA minimum and overtime wages to individual plaintiff, Mirko Diurdievich. Pursuant to Your Honor's Rule 3.G (vii), we write to request a pre-motion conference for leave to file a summary judgment motion at this stage in the case, because plaintiff cannot show that he did not receive the minimum and overtime wages required under the FLSA.

      Plaintiff claims unpaid wages of $67,795.20 but Plaintiff received $565,732.36 from Flat Rate for his services. Plaintiff admits he cannot account for $428,524 of this sum which he withdrew from his business account in cash. This amount can only be attributed as compensation to Plaintiff. While Defendants understand that the Court discourages summary judgment motions before the close of discovery, because (i) Plaintiff's claims in this case cannot succeed as a matter of law; (ii) Plaintiff has stated that he has produced all documents and records in his possession, and (iii) because conditional certification has just been granted by the Court, it is important that Defendants be granted leave to file their motion before unnecessarily incurring the increased costs and difficulties of litigating against a collective class that will ultimately be decertified.

      Plaintiff alleges in this action that after deducting for expenses such as employee payroll, fuel and truck rentals, he received no compensation from Flat Rate and he is owed minimum wage and overtime compensation of $67,795.20.[1] Setting aside for the moment Defendants' defenses that Plaintiff's claims are time-barred under Federal law (for which equitable tolling should not apply)[2] and that Plaintiff was an independent contractor (for among other reasons, he

---

[1] Plaintiff's bank statements demonstrate that a number of Plaintiff's allegations are false, namely that Flat Rate forced Plaintiff to rent trucks from the Company and deducted fuel from the commissions paid to him. In fact, the majority of business-related expenses from Plaintiff's bank statements are Budget Truck Rental expenses (meaning that Plaintiff was renting his own trucks and paying for his own fuel).

[2] In addition to the fact that Plaintiff filed an unemployment claim in 2011 where his status as an independent contractor was at issue, discovery has revealed that in 2013 Plaintiff was the subject of a New York Attorney

could accept or reject jobs offered to him), Plaintiff's claims are appropriate for summary judgment now because even after deducting Plaintiff's expenses (and Plaintiff has stated that he has no other expense records), Plaintiff received $428,524 in compensation from Flat Rate.

Plaintiff produced documents in discovery and now claims that there are no other relevant documents in his possession and control.[3] Plaintiff claims that he did not have a personal bank account and it is clear from the records produced that he used his company Big M Delivery Corp.'s business account at Chase as both a personal and business bank account.  Plaintiff's counsel has represented that Plaintiff had no other bank account during the relevant time period (2010-2011). An analysis of the bank statements and cancelled checks produced by Plaintiff demonstrates the following:

- $56,680 in checks drawn on the business account, many (but not all) of these checks contain the memo "salary" and, for the sake of argument, Defendants are willing to attribute all of these amounts to compensation paid by Plaintiff to himself and his employees;
- Truck rental and gas purchases of $28,954.84;
- $428,524 in cash and ATM withdrawals (including $6,212 in ATM withdrawals at horse racetracks in the tri-state area);

Under the FLSA it is not the employer's responsibility to keep records of employee expenses under the control of the employee. *Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278, 302 (E.D.N.Y. 2013) ("[T]he obligation to keep employee records extends to keeping records of deductions from wages, not keeping records of employee expenses. *See* 29 C.F.R. § 516.2(a)(10) (addressing "[t]otal additions to or deductions from wages"). Although "there is no legal difference between deducting a cost directly from the worker's wages and shifting a cost, which they could not deduct, for the employee to bear[,]" it would not make sense for the FLSA to impose on an employer the obligation to keep a record when control over that record is exercised by the employee, rather than the employer.") (internal citation omitted).

In sum, because Plaintiff cannot account for $428,524 paid to him, it can only be attributed to compensation and thus Plaintiff cannot succeed on his claim of $67,795.20 in unpaid regular and overtime wages.  Without leave to move for summary judgment now, Defendants will be forced to acquire great costs in defending against a collective action when the named Plaintiff cannot succeed on his claims.

                        Respectfully submitted,
                             /s/
                        Christopher R. Travis

cc: Matthew C. Heerde, Esq. (*via* ECF)

---

General investigation for not paying his employees. The Attorney General sought to extend Plaintiff's failure to pay his employees to Flat Rate under a joint employer theory.

[3] "Having conferred with our client we have determined that—apart from copies of business account cancelled checks, which we have recently obtained and furnished to counsel—the plaintiff does not possess nor is aware of the existence of any other documents named in counsel's letter." *See* Plaintiff's October 23, 2018 Letter [Doc.#63].