UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Mirko Djurdjevich,

                Plaintiff,

–v–

Flat Rater Movers, Ltd. et al,

                Defendants

17-cv-261 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    The Court is in receipt of the parties' joint letter regarding the Notice of Pendency. Dkt. No. 74 ("Joint Letter"). "The form of notice and its details are left to the broad discretion of this Court." *Ramos v. Platt*, No. 1:13-CV-895 (GHW,) 2014 WL 3639194, at *5 (S.D.N.Y. July 23, 2014) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). The Court now addresses the unresolved issues.

### I.    Start Date for the Collective Action Period

    The parties disagree about the state date for the collective action period. *See* Joint Letter at 1-3, 5-6. Plaintiff argues that it should begin on July 1, 2010, which is when Plaintiff alleges that Defendants' wrongful conduct began. Joint Letter at 1. Defendants argue that it should begin three years prior to the granting of conditional certification, which is November 13, 2015. Joint Letter at 5. This Court concluded in its earlier Memorandum Opinion & Order on Defendants' motion to dismiss that it was too early determine whether Plaintiff's claims merit equitable tolling. *See* Dkt. No. 41 at 5-6. The Court explained: "it is not clear whether Defendants' alleged failure to provide the required notice led to Plaintiffs ignorance of his rights or whether he learned about his rights from another source." *Id.* at 6. The Court held that any arguments as

1

to equitable tolling may be raised again, if appropriate, at the summary judgment stage. *Id.* For these reasons, the Court then stated in its Opinion & Order on Plaintiff's motion for conditional certification that "it is possible that other potential plaintiffs are similarly situated as Plaintiff, such that equitable tolling *may* be warranted." Dkt. No. 70 at 9. Plaintiff argues this is why the notice should extend back to July 2010.

However, Plaintiff cannot point to a single case in this district that has expanded the scope to potential claims by opt-in plaintiffs to as long as eight and a half years in light of equitable tolling. As this Court has explained in another case where the plaintiff sought to extend the opt-in period to six years for the same reason, "it is hard to identify a limiting principle to this argument…" *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN,) 2014 WL 4593944, at *7 n.5 (S.D.N.Y. Sept. 15, 2014).

The longest period Plaintiff can point to is a six year period, based on cases where FLSA claims overlap with NYLL claims. Courts in this Circuit remain split on the appropriateness of adopting the NYLL's limitations period for the purpose of sending FLSA notice to a group of opt-in plaintiffs. It is true that Courts in this district have adopted a six year period for the notice when actions also include NYLL claims. *See, e.g., Fonseca v. Dircksen & Talleyrand Inc.*, No. 13–CV–5124 (AT), 2014 WL 1487279, at *6 (S.D.N.Y. Apr. 11, 2014); *Guaman v. 5M Corp.*, No. 13–CV–3820 (LGS), 2013 WL 5745905, at *5 (S.D.N.Y. Oct. 23, 2013). This Court finds the contrary view more persuasive. *See Gaspar,* 2014 WL 4593944, at *7. In particular, authorizing notice to employees whose FLSA claims are untimely would amount to sending those employees "a notice informing them that (1) there is a pending opt-in lawsuit, (2) they may not opt in, and (3) they may later receive another notice should their status change due to class certification." *Lujan v. Cabana Mgmt., Inc.*, No. 10–CV–755 (ILG), 2011 WL 317984, at *9

(E.D.N.Y. Feb. 1, 2011). For these employees, receiving an opt-in notice might be quite confusing. *See Ramos v. Platt*, No. 13–CV–8957 (GHW), 2014 WL 3639194, at *4 (S.D.N.Y. July 23, 2014); *Sanchez v. El Rancho Sports Bar Corp.*, No. 13-CV–5119 (RA), 2014 WL 1998236, at *4 (S.D .N.Y. May 13, 2014); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F.Supp. 2d 545, 564 (S.D.N.Y. 2013). Thus, the Court concludes that here, a three-year limitations period is appropriate.

In light of the equitable tolling, the Court concludes that the three-year limitations period should extend from the date of the filing of Plaintiff's complaint. *See Gaspar*, 2014 WL 4593944, at *7; *Gomez v. Terri Vegetarian LLC*, No. 17-CV-213 (JMF), 2017 WL 2628880, at *2 (S.D.N.Y. June 16, 2017) ("because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint"). Accordingly, the start date on the notice should be January 12, 2014, three years prior to the filing of the complaint. *See* Dkt. No. 1.

## II.     Language Describing Defendants' Position

The parties disagree about the language describing Defendants' position. *See* Joint Letter at 3-4, 6-7. The Court concludes that the Notice of Pendency should include the following language, which is drawn from each parties' submission:

> Defendants deny these allegations and maintain that the Named Plaintiff and other similarly situated individuals were properly classified and compensated, and thus do not have claims under the FLSA. Flat Rate Movers, Ltd. maintains that Plaintiff and other subcontractors were independent contractors exempt from federal and state minimum wage and overtime laws. Flat Rate Movers, Ltd. intends to ask the Court to decertify the collective action. The Court has not made any determinations on the merits regarding any of Plaintiff's claims. Receipt of this notice does not indicate an entitlement to recovery.

## III.    Location for Return of Consent Form

The parties disagree as to whether the notice should direct that consent forms be returned to

3

Plaintiffs' counsel, or to the Court. *See* Joint Letter at 4, 7. Courts in this Circuit have split on whether notices should direct recipients to return consent forms to plaintiff's attorneys or to the Clerk of Court in FLSA cases. *Compare, e.g., Nahar v. Dozen Bagels Co. Inc.*, No. 15-CV-1613 (ALC) (FM), 2015 WL 6207076, at *7 (S.D.N.Y. Oct. 20, 2015) (finding a process whereby opt-in forms are returned to the Clerk of Court "unnecessary and ... burdensome to the Court"); *with, e.g., Brabham v. Mega Tempering & Glass Corp.*, No. 13–CV–54 (JG), 2013 WL 3357722, at *7 (E.D.N.Y. July 3, 2013) (ordering that opt-in forms be returned to the Court, as the alternative approach could "discourage[ ] potential opt-in plaintiffs from seeking outside counsel" and delay tolling of the statute of limitations).

The Court will allow the notice to direct putative plaintiffs to return consent forms to Plaintiff's counsel. Plaintiff's counsel will be in a better position to answer potential questions by putative members of the collective. Further, the notice states that a putative plaintiff need not retain Plaintiff's counsel, a factor which mitigates any problems associated with having consent forms returnable to Plaintiff's counsel. *See Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y. 2009) ("Because the notice states that opt-in plaintiffs can select their own counsel, there is only a minimal risk that opt-in plaintiffs will be discouraged from seeking their own counsel.").

### IV. Opt-in Period

The parties disagree as to the opt-in period. Joint Letter at 4-5, 7. The Court authorizes a 60–day opt-in period. *See Mark v. Gawker Media LLC*, No. 13–CV–4347 (AJN), 2014 WL 5557489, at *1 (S.D.N.Y. Nov. 3, 2014) ("[C]ourts in this district have coalesced around a standard 60-day notice period.") (collecting cases).

### V. Distribution of the Notice

The parties also dispute by what methods Plaintiff's counsel may disseminate notice to the putative collective. *See* Joint Letter at 5, 7. The Plaintiffs seek to publish notice by mail, email, and workplace posting. *See* Joint Letter at 5. The Defendants object to the latter two methods. *See* Joint Letter at 7. The Court will permit the Plaintiffs to distribute the notice by mail, email, and workplace posting, as requested.

Courts in this district regularly permit notice in FLSA actions to be disseminated not only by mail, but also by email. *See Sanchez*, 2016 WL 4533574, at *6–7 (noting that "Email addresses and telephone numbers are efficient methods of providing notice," and later stating that "first class mail and email may both serve as efficient means of ensuring that potential opt-in plaintiffs receive timely notice"); *Martin v. Sprint/united Mgmt. Co.*, No. 15-CV-5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016) ("Courts in this Circuit routinely approve email distribution of notice and consent forms in FLSA cases") (collecting cases).

And "[c]ourts routinely approve the posting of notice on employee bulletin boards and in common employee spaces." *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14–CV–2625 (RJS), 2015 WL 4240985, at *4 (S.D.N.Y. July 13, 2015) (quoting *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12–cv–8629 (KPF), 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013) (collecting cases)).

## VI. Conclusion

The parties shall resubmit a joint proposed notice that reflects the above resolutions no later than January 21, 2019.

SO ORDERED.

Dated: January 7, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge