# TRAVIS LAW PLLC

80 Maiden Lane, Suite 304
New York, New York 10038
Tel: (212) 248-2120
www.travislawnyc.com

May 4, 2020

<u>VIA ECF</u>

Hon. Barbara Moses
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Mirko Djurdjevich v. Flat Rate Movers, Ltd., et al.*
               Case No.: 17-CV-00261 (AJN-BCM)

Dear Judge Moses:

As you are aware, our firm represents the Defendants Flat Rate Movers, Ltd., Sam Gholam, and Israel Carmel (collectively, "Defendants") in the above-referenced action. Pursuant to Your Honor's Order of April 27, 2020, the parties submit this joint letter in respect of each party's position regarding opt-in plaintiff Najdan Nikolic's ("Nikolic") discovery obligations and Defendants' request that Nikolic's claims be dismissed.

**Background**

Nikolic opted in as a plaintiff in this action on May 3, 2019. *See* Consent to Become Party Plaintiff Under the FLSA, Exhibit 3 [Dkt #90]. On May 9, 2019, Defendants served Nikolic with Defendants' First Demand for Discovery. Nikolic failed to respond to Defendants' demand and did not produce any documents in this matter. Moreover, Defendants have made several attempts to schedule Nikolic's deposition but was informed he was out of the country with no set date of return. Nikolic never appeared for his deposition. On or about September 3, 2019, Defendants served Nikolic with a good faith letter regarding his discovery deficiencies and failure to appear for deposition. On November 8, 2019, Defendants filed their motion for summary judgment, which was fully briefed on December 24, 2019. No oral argument has been scheduled on the motion. On February 19, 2020, our office spoke with Nikolic's counsel, Matthew Heerde, who indicated that he had not heard from his client in several months, despite great efforts to contact him.

**Nikolic's Claims Should be Dismissed for Failure to Prosecute**

Fed. R. Civ. P. 41(b) provides that a defendant may move for dismissal of the action or claim against it if the plaintiff fails to prosecute. "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. U.S.*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013). The Court has the authority to dismiss

for failure to prosecute in order to provide the judicial system with efficient administration of affairs, minimize overcrowding, and make the courts accessible for other litigants.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) ("The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently").  Such a dismissal "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).

In reviewing whether a court should dismiss a case for failure to prosecute, the Second Circuit has articulated five factors: (i) the length of delay of plaintiff's prosecution; (ii) notice of possible dismissal given to plaintiff; (iii) further delay would prejudice defendant; (iv) minimizing court congestion outweighs plaintiff's opportunity for a day in court; and (v) no lesser sanctions are suitable for efficient administration of the action.  *Caussade*, 293 F.R.D. 625; *U.S. ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir. 2004); *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (Holding no one factor is dispositive in determining whether dismissal is warranted).

Nikolic opted in as a plaintiff in this action on May 3, 2019. On May 9, 2019, Defendants served Nikolic with Defendants' First Demand for Discovery and Inspection (the "Demands"). Nikolic inexcusably failed to respond to the Demands. Subsequently, Defendants made efforts to schedule Nikolic's deposition to no avail, as Nikolic was allegedly out of the country with no set date of return. On or about September 3, 2019, as the deadline for discovery approached, Defendants served Nikolic with a good faith letter regarding his discovery deficiencies and failure to appear for a deposition, and again, Defendants attempted to schedule Nikolic's deposition. Notwithstanding Defendants' efforts, Nikolic never appeared for his deposition. On February 19, 2020, our office spoke with Mr. Heerde, Nikolic's counsel, who informed us he had not heard from Nikolic in several months.  In light of Nikolic's extended absence from this country, with no expectation of return, and his failure to respond to the Demands or to appear for deposition, it is evident Nikolic does not intend to prosecute his claims. Nikolic should not be afforded the opportunity to present his case for trial or to join in any relief awarded by the Court or through settlement, if any, received by the putative class, and his claims should hereby be dismissed in their entirety.

**Plaintiffs' Position**

As of the date of this letter, counsel for Mr. Nikolic the Law Office of Matthew C. Heerde has not received any communications from Mr. Nikolic since June 25, 2019, despite Mr. Heerde has sent Mr. Nikolic several emails inquiring as to his whereabouts and responses to discovery. Counsel for Mr. Nikolic therefore suggests the Court issue a conditional order that unless by a date certain Mr. Nikolic responds to Defendants' written discovery requests and appears for a deposition (by video-conference if necessary), then his claims be dismissed.

Respectfully submitted,

/s/

Christopher R. Travis

cc: Matthew C. Heerde, Esq.
    *Law Office of Matthew C. Heerde* (*via* ECF)