USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/08/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRKO DJURDJEVICH, et al.

    Plaintiff(s),

 -against-

FLAT RATE MOVERS, LTD., et al.,

    Defendants.

17-CV-261 (AJN) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

  Najdan Nikolic signed a consent form to join this Fair Labor Standards Act (FLSA) action on February 15, 2019. (Dkt. No. 90-3.) The form was filed May 3, 2019. (Dkt. No. 90.) Since then however, Nikolic has failed to respond to defendants' written discovery requests (served one year ago on May 9, 2019) and failed to produce any documents. In a letter dated April 27, 2020 (Def. Ltr.) (Dkt. No. 106), defendants report these facts, adding that they "have made several attempts to schedule Nikolic's deposition," but were informed by plaintiffs' counsel that Nikolic was "out of the country with no set date of return." On or about September 3, 2019, defendants sent plaintiffs a letter regarding Nikolic's failure to respond to discovery or appear for deposition, to no avail. *Id*. On February 19, 2020, plaintiffs' counsel acknowledged that he had not heard from Nikolic in several months, despite "great efforts to contact him," *id*., and that, "although he could not stipulate to discontinue Nikolic's claims, he would not oppose Defendant's motion to dismiss for failure to prosecute." *Id*. Defendants now request a pre-motion discovery conference to "address" Nikolic's failure to respond to discovery, or, alternatively, "permission from the Court to draft a letter-motion to dismiss Nikolic's claims." *Id*.

  By Order dated April 27, 2020 (April 27 Order) (Dkt. No. 107), the Court scheduled a telephonic conference for May 11, 2020, at 11:00 a.m., and directed the parties to file a joint letter, in advance of the conference, setting out their respective positions. In the joint letter, dated

May 4, 2020 (Joint Ltr.) (Dkt. No. 108), defendants request that Nijolic's claims be dismissed in their entirety for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Joint Ltr. at 1-2. Plaintiffs report as follows:

> As of the date of this letter, counsel for Mr. Nikolic the Law Office of Matthew C. Heerde has not received any communications from Mr. Nikolic since June 25, 2019, despite Mr. Heerde has sent Mr. Nikolic several emails inquiring as to his whereabouts and responses to discovery. Counsel for Mr. Nikolic therefore suggests the Court issue a conditional order that unless by a date certain Mr. Nikolic responds to Defendants' written discovery requests and appears for a deposition (by video-conference if necessary), then his claims be dismissed

*Id*. at 2.

It is well-settled that an opt-in FLSA plaintiff is required to participate in party discovery, and that his claims may be dismissed – with or without prejudice – should he willfully fail, after being adequately warned, to respond to written discovery requests or appear for deposition. *See, e.g., Ruiz v. Citibank, N.A*, 2014 WL 4635575, at *1-3 (S.D.N.Y. Aug. 19, 2014) (dismissing claims of opt-in FLSA plaintiffs with prejudice after they "entirely failed to respond to both discovery requests and Judge Ellis's June 27, 2013 Order, the latter of which explicitly warned them of the consequences of failure to participate in discovery.");*Morangelli v. Chemed Corp.*, 2011 WL 7475, at *1-2 (E.D.N.Y. 2011) (ordering opt-in FLSA plaintiffs who previously failed to appear for deposition to do so within three weeks or else "have their claims dismissed with prejudice"); *Martinez v. E&C Painting, Inc.*, 2008 WL 482869, at *1 (S.D.N.Y. Feb. 21, 2008) (dismissing claims of FLSA opt-in plaintiffs without prejudice after they repeatedly failed to appear for deposition).

However, dismissal of a plaintiff's claims as a sanction is "a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the noncompliant litigant." *Ruiz*, 2014 WL 4635575, at *2 (quoting *Agiwal v. Mid Island Mortg.*

*Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). Before dismissing a plaintiff's claims the court must also consider "[ii] the efficacy of lesser sanctions; [iii] the duration of the period of noncompliance; and [iv] whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (quoting *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.,* 694 F.3d 155, 159 (2d Cir. 2012) (alteration in original)). *See also Martinez*, 2008 WL 482869, at *4 ("[A] plaintiff is obligated to prosecute his lawsuit, and if he fails to do so, dismissal may be warranted under Rule 41(b).").

In this case, although it is undisputed that Nikolic has not complied with his discovery obligations – and his own counsel has been unable to contact him to remedy those failures – he is not (yet) in violation of an express court order requiring him to respond to written discovery or appear for examination. Nor (until now) has he been expressly warned that his continued failure to do so could result in the dismissal of his claims. Accordingly, the Court will allow Nikolic a period of 30 days from the date of this Order to respond to defendants' demand for discovery, and a further 30 days to appear, via remote means, for deposition.

For these reasons, it is hereby ORDERED that opt-in plaintiff Najdan Nikolic shall respond to defendants' written discovery demands and produce responsive and non-privileged documents no later than **June 10, 2020**. In the alternative, plaintiff Nikolic may, within the same period of time, file a request to withdraw his consent to join this FLSA action. It is further ORDERED that, unless he has timely filed a request to withdraw his consent, Nikolic shall appear for deposition, on a date mutually convenient to counsel, no later than **July 10, 2020**. **Plaintiff Nikolic is hereby advised that he cannot ignore his discovery obligations or disobey an order of the Court with impunity. Should Nikolic fail to comply with this Order,**

**the Court could impose significant sanctions, including but not limited to the dismissal of all of his claims in this action**.

It is further ORDERED, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), that for the duration of the COVID-19 national emergency all depositions in this action (unless specifically exempted by the Court) shall be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

It is further ORDERED that plaintiffs' counsel shall promptly serve a copy of this Order upon plaintiff Nikolic at his last known mail and email address and shall file proof of such service on the Court's electronic docket.

The telephonic conference currently scheduled for May 11, 2020 at 11:00 a.m. is hereby ADJOURNED *sine die*.

Dated: New York, New York
May 8, 2020

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**